Barge vs. Pratt.

McCay, J., dissented in this cause, on the ground that the evidence had nothing to do with the error assigned, to-wit: that it was too late to make the motion.

Fielder & Jones, E. L. Douglass, for plaintiffs in error.

A. Hood, W. D. Kiddoo, John T. Clark, for defendants.

Benjamin F. Barge, plaintiff in error, vs. Thomas J. Pratt, defendant in error.

1. This was complaint by Barge against Pratt and one Cochran, on promissory notes, in Randolph county. Pratt defended upon the ground that he was but a surety on the notes, and had given notice to Barge to sue the principal, with which he did not comply, within the time prescribed by law. The trial resulted in a verdict for the defendant. Barge moved for a new trial, but it was refused. He sued out a writ of error.

The bill of exceptions stated as follows: "Plaintiff introduced five promissory notes, signed: Bridgeman & Glass, T.

J. Pratt, D. A. Cochran, payable to himself, dated February 25th, 1867, and due first day of November next thereafter, two of them for $2,000 00 each, two for $1,000 00 each, and one for $593 00, and rested his case." The notes, as shown by copies of them in the brief of evidence, are joint and several promisory notes by said parties.

In the subsequent progress of the case, plaintiff introduced other evidence. Part of it is described in the bill of exceptions as "certificate of discharge of bankrupt Sampson D. Bridgeman, dated October 28th, 1868, certifying that his petition was filed on the 14th day of December, A. D. 1867, and also a certified copy of the petition and schedule of said Bridgeman, bankrupt, showing the same was filed on the 14th day of December, 1867." The other evidence was set out fully. The grounds for new trial were, that the verdict was strongly and decidedly against the weight of the evidence, that the Judge erred in certain parts of his charge and in allowing certain parol testimony.

The Court thought copies of the notes, showing the *manner* of the signature of the notes, were material, and that, that they were in the record "as certified," was not sufficient, since the brief of evidence is not a part of the record.

McCay, J., dissented, because he thought the copies of the notes were not necessary, under the circumstances.

E. L. Douglass, C. B. Wootten, Fielder & Jones, for defendant.